William J. and Edna Steele v. Commissioner.
Steele v. Commissioner
Docket No. 74286.
United States Tax Court
T.C. Memo 1959-180; 1959 Tax Ct. Memo LEXIS 68; 18 T.C.M. (CCH) 793; T.C.M. (RIA) 59180; September 25, 1959
*68 Petitioner William J. Steele, a journeyman plumber, was temporarily employed away from home on various jobs during each of the taxable years 1953 and 1954. Held, the evidence does not establish that respondent incorrectly determined petitioner's expenses for food, lodging, and travel while away from home. William J. Steele, pro se., 600 West Pearl Street, Hamlet, Ind. George H. Becker, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1953
$147.16
1954
15.49
The only question is whether respondent properly disallowed certain deductions claimed as travelling expenses. Petitioners are husband and wife and have their principal residence in Hamlet, Indiana. They filed their joint Federal income tax returns for the taxable years here involved with the district director of internal revenue at Indianapolis, Indiana. William J. Steele, for convenience hereinafter referred to as petitioner, is a journeyman plumber and steamfitter. During the taxable year 1953 petitioner was employed for four weeks at Paducah, Kentucky, and *69 for ten weeks at Montague, Michigan. During 1954 he was employed for eight weeks at Montague, Michigan, for 19 weeks at Portsmouth, Ohio, and for eight weeks at Madison, Indiana. Respondent admits that each of these jobs constituted temporary employment away from home. With the exception of the time spent at Paducah, petitioner travelled home from these jobs each weekend. While he was at Paducah he travelled home every other weekend. The weekend trips were not required by petitioner's employers. On his income tax returns for the taxable years 1953 and 1954 petitioner claimed deductions for meals, lodging, and automobile expense in the amounts of $1,258.90 and $2,185.98, respectively. Respondent disallowed as unsubstantiated the weekend travel expense but allowed in part the amount claimed for board and lodging. Further taking a practical approach, the Commissioner reasoned that the cost of the weekend trips would approximately equal the expense that would have been incurred and allowed for living expense had taxpayer remained at the place of his employment over such weekends. Accordingly, he allowed an additional amount to cover such expenses for the weekends in lieu of estimated *70 travel expenses. Petitioner was the sole witness, and his testimony falls far short of proving his case. He kept no record of any expense and his figures were all estimates or approximations. We hold on the record that petitioners have not proved that respondent's allowance was unreasonable or incorrect. Decision will be entered under Rule 50.